UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No: 1:17-cr-00065-TWP-MJD-3 |
| ALEJANDRO RODRIGUEZ SOTO, | ) ) ) |
| Defendant. | ) |

### **ORDER GRANTING MOTION FOR REVOCATION OF RELEASE ORDER**

This matter is before the Court on the Government's request that the Court conduct a *de novo* review of the Magistrate Judge's Order permitting pretrial release of Defendant Alejandro Rodriguez Soto ("A. Soto") pursuant to 18 U.S.C. § 3145(a). The Court has reviewed the Magistrate Judge's Order Setting Conditions of Release ([Filing No. 81](#)), a transcript of the proceedings held on June 22, 2017, the pretrial services report ("PS3") prepared by the United States Probation Office, and has considered the Government's Motion for Revocation of Release Order ([Filing No. 77](#)), as well as testimony, proffers, exhibits and argument submitted at the June 29, 2017 hearing. The Court finds the Government has met its burden of proof and offered sufficient evidence that A. Soto poses a significant flight risk if released. Further, the Government has offered sufficient evidence that there are no conditions or combination of conditions which would overcome the unacceptable risk that A. Soto would flee. Accordingly, the Government's Motion for Revocation of Release Order is **GRANTED.**

### I. BACKGROUND

On June 6, 2017, a Superseding Indictment was issued that charged A. Soto, and five other defendants with violations of Title 18 U.S.C. §§ 1962, 1956. A. Soto is charged in four counts which include: one count of RICO Conspiracy, one count of Money Laundering Conspiracy, one

count of Mail Fraud and one count of Money Laundering. An initial hearing was held on June 15, 2017; A. Soto was advised of his rights and waived formal arraignment. The Government orally moved for pretrial detention pending trial pursuant to Title 18, United States Code, Sections 3142(e), (f)(2)(A), on the basis that A. Soto would fail to appear at future court hearings.

The Magistrate Judge conducted a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of the statute would reasonably assure the appearance of A. Soto as required. At the detention hearing, the Magistrate Judge found that there were conditions that could reasonably assure A. Soto's appearance and he was ordered released under certain conditions. The Government moved for a stay of the Magistrate Judge's order pending *de novo* review by the District Court Judge.

## II. FINDINGS OF FACT

A. Soto has significant ties to the community; he has lived in Indianapolis, Indiana for several years. He is a citizen of Mexico and an illegal alien pending removal proceedings. A. Soto was issued an employment authorization document and has a verifiable employment history, however, his employment is alleged in the Indictment to be the source of the charged criminal activity. A. Soto has been arrested on three occasions and has no prior convictions, however, he failed to appear in court on two separate occasions for cases which were ultimately dismissed. Although he is accused of collaborating with drug dealers, he is not alleged to have trafficked in illegal drugs or to have a history of substance abuse. A. Soto has a Mexican passport which has been surrendered to the U.S. Probation Office. A. Soto was paroled into the United States in October 2016, so he is an arriving alien; but he also has an approved Deferred Action for Childhood Arrival (DACA status). On June 15, 2017 the Department of Homeland Security issued an immigrations detainer on A. Soto. (Plaintiff's Exhibit 4.)

At the hearing before this Court, the Government presented evidence of the nature and circumstances of the offenses charged. The weight of evidence against A. Soto is as follows: A. Soto and his family are owners/operators of three used car lots in Indianapolis (Bulls Auto Sales, Bulls Auto Sales II, or Chicago Auto Sales). In connection with these three used car lots, the charged defendants aided multiple drug traffickers in Indianapolis by assisting them in the purchase of used cars with drug proceeds, which the defendants knew to be drug proceeds, and further assisted the traffickers by helping them register/title the vehicles in nominee names, which had the effect of hiding the traffickers' ownership and possessory interests in the cars. A. Soto was running the main Bulls Auto Sales and a firearm was found at that location. The Government alleges that A. Soto was engaged in a pattern of illegal activity from 2012 until his arrest in June 2017, which included conspiracy RICO activity and currency reporting violations, stemming from his participation in the Bulls Auto enterprise. FBI Agents conducted two separate undercover recordings of their criminal activities with A. Soto's brother, Saul Rodriguez Soto. In addition, A. Soto gave a post-*Miranda* statement implicating himself and his brother Saul Rodriguez Soto in the criminal conduct charged. The weight of evidence against A. Soto is strong.

### III. CONCLUSIONS OF LAW

Detention may be based on a showing of either dangerousness or risk of flight; proof of both is not required. *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985). With respect to reasonably assuring the safety of any other person and the community, the Government bears the burden of proving its allegations by clear and convincing evidence. 18 U.S.C. § 3142(f); *United States v. Salerno*, 481 U.S. 739, 742, 107 S.Ct. 2095, 2099, 95 L.Ed.2d 697 (1987); *Portes*, 786 F.2d at 764; *Orta*, 760 F.2d at 891 & n. 18; *Leibowitz*, 652 F. Supp. at 596; *United States v. Knight*, 636 F.Supp. 1462, 1465 (S.D. Fla. 1986). Clear and convincing evidence is something more than

a preponderance of the evidence but less than proof beyond a reasonable doubt. *Addington v. Texas*, 441 U.S. 418, 43 1-33, 99 S.Ct. 1804, 1812-13, 60 L.Ed.2d 323 (1979).

In determining whether there are conditions of release that will reasonably assure a defendant's appearance and the safety of any other person and the community, the Court must take into account the following factors under 18 U.S.C. § 3142(g):

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . ;
>
> (2) the weight of the evidence against the accused;
>
> (3) the history and characteristics of the person, including—
>
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .

18 U.S.C. § 3142(g)(1)-(3)(A), (B), and (4).

The Court has considered the evidence presented on the issue of release or detention and weighed both in accordance with the factors set forth in 18 U.S.C. § 3142(g) and the legal standards set forth above. Among the factors presented for the Court's consideration is A. Soto's character, family ties, employment, length of residence in the community, community ties, past conduct, and criminal history. *See* 18 U.S.C. § 3142(g)(3)(A).

The Court has considered the evidence presented by Defendant. The Court finds the Government has shown by clear and convincing evidence that A. Soto presents a risk of flight. Specifically, the Court has considered the nature and circumstances of the offenses charged and

that the charged criminal conduct spans from 2012 through 2014 (therefore it is not minor or fleeting poor judgment by the Defendant, but rather, significant misconduct over a significant period of time). Moreover, the offenses carry significant penalties of incarceration.

A. Soto's immigration status is tenuous at best. He is a citizen of Mexico and a removable alien. Although he has resided in the United States for some time, he maintains close relations with Mexico as evidenced by his recent family visit in October 2016 and his need for a Spanish interpreter during the hearing. More importantly, following his arrest on the instant charges Immigration services filed a detainer. (Exhibit 4.) If convicted of any of the crimes charged in the Indictment, A. Soto will likely be deported from the United States. Circumstances such as these demonstrate a heightened risk of flight. As the Government argued, given the weight of the evidence against him, A. Soto may feel as though he has two choices: face the indictment, and if convicted, serve a prison sentence prior to deportation; or flee from the charges, either returning to Mexico or somewhere else within the United States. Home detention would not prevent defendant from fleeing. In addition, A. Soto's failure to appear in his state court cases and the nature of the alleged conspiracy convince this Court by a preponderance of evidence that he presents a risk of flight.

### III.     ORDER

Title 18 U.S.C. § 3142 provides that a defendant shall be detained upon a showing, by a preponderance of the evidence that defendant is a serious risk of flight, and by clear and convincing evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant. The District Court's *de novo* determination is that the Government has met their burden of proof and the Government's Motion for Revocation of Release Order ([Filing No. 77](#)) is

**GRANTED**.  A. Soto is remanded to the custody of the United States Marshal pending trial or other disposition of this matter.

**SO ORDERED.**

Date: 7/2/2017

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Harold Samuel Ansell
ATTORNEY AT LAW
attorneyansell@gmail.com

Michelle Brady
UNITED STATES ATTORNEY'S OFFICE
michelle.brady@usdoj.gov

United States Marshal Service

United States Probation Office